## Commonwealth v. One Seven-Ton Mack Truck.

*Prohibition enforcement—Rights of owner of vehicle—Practice—Act of March 27, 1923.*

Where a decree of condemnation has been entered against a truck for use in the unlawful transportation of liquor, the innocent owner should proceed for its recovery by petition under section 11 (D) (vi) of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, and not by rule to open the decree.

Rule to open decree. Q. S. Phila. Co., May Sess., 1924, No. 191.

*H. Horace Dawson*, for rule.

*Charles Edwin Fox*, Assistant District Attorney, contra.

FERGUSON, J., Nov. 6, 1924.—In this case a decree was entered on Aug. 29, 1924, forfeiting and condemning a truck because it had been used in the unlawful transportation of liquor. We have before us a rule to show cause why the decree so entered should not be opened and the alleged owner permitted to defend the action according to law.

The basis for the petition is the fact that without the knowledge or consent of the petitioner his employee had used the truck for the illegal transportation, and that petitioner had no knowledge of the proceedings to condemn until after the decree was entered.

If these facts are established, the petitioner is entitled to relief, but, in our opinion, he has mistaken his remedy. Instead of moving to have the decree

opened, he should have applied under section 11 *(D)* (vi) for the return of the truck.

The proceedings for condemnation were entirely regular. All the requirements of the statute were complied with. Notwithstanding this, if in point of fact the owner of the truck had not actually received notice and had not consented to the illegal act, and if no other method of procedure were provided, the court would be prompt to open the decree. Before doing so, depositions would need to be taken, and the testimony, perhaps conflicting, considered. If the decree should be opened, the matter would proceed *de novo*. A more direct method is found in the sub-section above referred to. Since the sale has not taken place, the petitioner has his remedy clearly provided in the statute. The rule to open is discharged.